UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | 5:20-cr-00211-01 |
| | * | |
| VERSUS | * | |
| | * | JUDGE FOOTE |
| WILLIAM EARL MADDOX | * | MAGISTRATE JUDGE HORNSBY |

### PLEA AGREEMENT

A.   **INTRODUCTION**

1.   This document contains the complete plea agreement between the government and WILLIAM EARL MADDOX (hereinafter referred to as "the defendant"). No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.   **THE DEFENDANT'S OBLIGATIONS**

1.   The defendant shall appear in open court and plead guilty to Count 5 of the Superseding Indictment pending in this case.

C.   **THE GOVERNMENT'S OBLIGATIONS**

1.   If the defendant completely fulfills all of his obligations and agreements under this plea agreement, the government agrees it will dismiss the remaining counts in the Superseding Indictment at sentencing and that it will not prosecute the defendant

Page 1 of 6

for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the superseding indictment.

      2.     The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D.     <u>SENTENCING</u>

      The defendant understands and agrees that:

      1.     the maximum punishment on Count 5 of the Superseding Indictment is a term of imprisonment of not more than three (3) years (pursuant to 21 U.S.C. § 333(a)(2)), or a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571(b)(3)), or both;

      2.     the defendant shall be required to pay a special assessment of $100 **<u>at the time of the guilty plea</u>** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

      3.     the defendant may receive a term of Supervised Release of not more than one (1) year in length (pursuant to 18 U.S.C. § 3583(b)(3)) in addition to any term of imprisonment imposed by the Court;

      4.     a violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

      5.     the period of incarceration for a violation of a condition of Supervised

Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the defendant had successfully completed;

6.      as part of the presentence investigation the government will make available to the Court all evidence developed in the investigation of this case;

7.      this case is governed by the Sentencing Reform Act, as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with (his/her) counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

8.      the sentencing judge alone will decide what sentence to impose; and

9.      the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.      <u>FORFEITURE</u>

1.      As part of his acceptance of responsibility, (i) pursuant to 18 U.S.C. § 982(a)(7), the defendant agrees to forfeit to the United States all of his right, title, and interest in all property he obtained that constituted and was derived, directly and indirectly, from gross proceeds traceable to the offense charged in the Superseding Indictment, and (ii) pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States all of his right, title, and interest in the value of any and all drugs that were misbranded after such drugs were held for sale after shipment in interstate commerce contrary to 21 U.S.C. § 331(k).  The defendant further agrees that

the aggregate value of such property was up to $50,000.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; that the United States is therefore entitled to forfeit substitute assets in an amount not to exceed $50,000.00 (the "Forfeiture Judgment").

2.     In lieu of the entry of an order requiring the defendant to pay the Forfeiture Judgment, the defendant agrees to sell the real property located at 610 West Main Street, Homer, Louisiana 71040 (the "Property") in satisfaction of the agreed-upon forfeiture obligation.  The Government agrees to accept any proceeds from the sale of the Property, up to and not to exceed $50,000, as a substitute asset pursuant to 21 U.S.C. §853(p) and in full satisfaction of the Forfeiture Judgment. The Government's agreement to accept proceeds of the sale is contingent upon the sale being conducted in a commercially reasonable manner and in accordance with the terms and conditions set forth in the Agreement to Sell Real Property attached hereto as Exhibit A.

3.     Concurrent with the execution of this Plea Agreement, the defendant shall execute a Stipulation to Judgment, attached hereto as Exhibit B. The Stipulation to Judgment will be used by the Government to obtain a civil consent judgment against defendant, which shall only be enforced in the event defendant fails to comply with the requirements of Section E of this Plea Agreement.

4.     The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to

advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any other penalty the Court may impose upon him in addition to forfeiture.

F.      REINSTATEMENT OF SUPERSEDING INDICTMENT

1.      The defendant understands and agrees that should this plea be overturned for any reason at a later date, the Superseding Indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the Government.

G.      SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, WILLIAM EARL MADDOX.  It accurately and completely sets forth the entire plea agreement.  I concur in WILLIAM EARL MADDOX pleading guilty as set forth in this plea agreement.

Dated: 8|1|2021

NICHOLE BUCKLE
Attorney for the Defendant

I have read this plea agreement and have discussed it with my attorney.  I fully understand the plea agreement and accept and agree to it without reservation.  I do this voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea

agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 8/1/21

WILLIAM EARL MADDOX
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 8/4/21

JESSICA D. CASSIDY
Assistant United States Attorney